1  **VEATCH CARLSON, LLP**     (SPACE BELOW FOR FILING STAMP ONLY)
   A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
2  1055 WILSHIRE BOULEVARD, 11ᵀᴴ FLOOR
   LOS ANGELES, CALIFORNIA  90017-2444
3  TELEPHONE (213) 381-2861
   FACSIMILE (213) 383-6370
4
5  **KEVIN R. LUSSIER (SBN 143821)**
   **KIM D. ASHLEY (SBN 253160)**
6
   Attorneys for Plaintiff,
7  **CHANEL, INC.**

8                UNITED STATES DISRICT COURT
9          FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | CHANEL, INC.,                                    | Case No.:
12 |                     Plaintiff,                   |
13 | vs.                                              | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
14 |                                                  |
15 | FARIHA ALHASSEN, AN INDIVIDUAL, AND AHMAD J. LABABIDI A/K/A JAMIL LABABIDI A/K/A AJ LABABIDI A/K/A TOMMY, AN INDIVIDUAL, INDIVIDUALLY AND JOINTLY, D/B/A HERTEENDREAM.COM D/B/A OFFICIALGOLDILUXE.COM D/B/A @HERTEENDREAM D/B/A #HERTEENDREAM D/B/A @FARIHAAL D/B/A OFFICIALHERTEENDREAM D/B/A FARIHAALH D/B/A HER TEEN DREAM D/B/A GOLDILUXE D/B/A OFFICIALGOLDILUXE D/B/A #OFFICIALGOLDILUXE, and DOES 1-10, inclusive, |
16 |                                                  |
17 |                                                  |
18 |                                                  |
19 |                                                  |
20 |                                                  |
21 |                                                  |
22 |                                                  |
23 |                                                  |
24 |                     Defendants.                  |
25

26     Plaintiff, CHANEL, INC., a New York corporation, ("Chanel") hereby sues
27 Defendants FARIHA ALHASSEN, an individual, ("Alhassen") and AHMAD J.
28 LABABIDI a/k/a JAMIL LABABIDI a/k/a AJ LABABIDI a/k/a TOMMY, an

1  individual ("Lababidi"), individually and jointly d/b/a HERTEENDREAM.COM
2  d/b/a OFFICIALGOLDILUXE.COM d/b/a @HERTEENDREAM d/b/a
3  #HERTEENDREAM d/b/a @FARIHAAL d/b/a OFFICIALHERTEENDREAM
4  d/b/a FARIHAALH d/b/a HER TEEN DREAM d/b/a GOLDILUXE d/b/a
5  OFFICIALGOLDILUXE d/b/a #OFFICIALGOLDILUXE, and Does 1 – 10
6  (collectively "Defendants"). Defendants are promoting, selling, offering for sale
7  and distributing goods bearing counterfeits and confusingly similar imitations of
8  Chanel's trademarks within this district via fully interactive Internet websites.  In
9  support of its claims, Chanel alleges as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a); and California Business & Professions Code §§ 14330, 14335, 14340 and 17200 et seq.. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendants reside and conduct business in this district.

## THE PARTIES

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, high quality cell phone cases under Federally registered trademarks, including but not limited to CHANEL and ⓒⓒ. Chanel is also the owner of all common law rights associated with the above-referenced marks as well as the mark N° 5 as used in connection with the promotion, advertisement and distribution of goods in the United States.

3. Alhassen and Lababidi are individuals, who, upon information and belief, reside and conduct business within this district in Chino Hills, California. Alhassen and Lababidi are subject to personal jurisdiction in this Court.

4. Upon information and belief, Alhassen and Lababidi are directly engaging in the sale of counterfeit and infringing products at least within this district as alleged herein. Upon information and belief, Alhassen and Lababidi are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Chanel's trademarks within this district through fully interactive commercial Internet websites operating under the domain names "herteendream.com" and "officialgoldiluxe.com" (collectively, the "Subject Domain Names").

5. Defendant Does 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this district. Further, Does 1-5 are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant. Chanel is presently unaware of the true names of Does 1-5. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6. Defendants Does 6-10 are business entities which, upon information and belief, reside and\or conduct business within this district. Moreover, Does 6-10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant. Chanel is presently unaware of the true names of Does 6-10. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

///
///
///
///
///
///
///
///

COMPLAINT FOR DAMAGES AND INJUNCTION RELIEF

## COMMON FACTUAL ALLEGATIONS

7. Chanel is the owner of all rights, including common law rights, in and to the following trademarks protected by United States Federal Trademark Registrations:.

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ⊂⊃ | 4,074,269 | December 20, 2011 | IC 9 - Protective covers for portable electronic devices, handheld digital devices, personal computers and cell phones<br>IC 16 - Temporary tattoos<br>IC 18 - Key cases |
| CHANEL | 3,890,159 | December 14, 2010 | IC 09 - Cases for Telephones<br>IC 16- Temporary Tattoos<br>IC 18 - Key Cases |

which are registered in International Class 9, and are used in connection with the manufacture and distribution of, among other things, cell phone cases (collectively, the "Chanel Marks").

8. The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality cell phone cases and other goods for an extended period of time.

9. The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

10. The Chanel Marks are symbols of Chanel's quality, reputation, and

goodwill and have never been abandoned.

11. Further, Chanel has expended substantial time, money and other resources developing, advertising, and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12. Chanel has extensively used, advertised and promoted the Chanel Marks in the United States in association with the sale of high quality cell phone cases and other goods and has carefully monitored and policed the use of the Chanel Marks.

13. As a result of Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks, as being high quality merchandise sponsored and approved by Chanel.

14. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality cell phone cases.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

16. Chanel has discovered the Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit and/or infringing products, including at least cell phone cases bearing trademarks that are exact copies of the Chanel Marks (the "Infringing Goods"). Specifically, the Defendants are using the Chanel Marks in the same stylized fashion, for different quality goods.

17. The Defendants' Infringing Goods are of a quality substantially different than that of Chanel's genuine goods. Despite the nature of their Infringing Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Infringing

Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel.  The net effect of the Defendants' actions will be to result in the confusion of consumers who will believe the Defendants' Infringing Goods are genuine goods originating from and approved by Chanel.

18.     The Defendants advertise their Infringing Goods for sale to the consuming public.  In so advertising these products, the Defendants use the Chanel Marks.

19.     Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this district and elsewhere throughout the United States.  As a result, the Defendants are defrauding Chanel and the consuming public for the Defendants' own benefit.

20.     The Defendants' use of the Chanel Marks, including the promotion and advertising, reproduction, distribution, sale and offering for sale of their Infringing Goods, is without Chanel's consent or authorization.

21.     Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights for the purpose of trading on the goodwill and reputation of Chanel.  If the Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

22.     The Defendants' above-identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade.  Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public into believing there is a connection or association between Chanel's genuine goods and the Defendants' Infringing Goods.

23.     Chanel has no adequate remedy at law.

24.     Chanel is suffering irreparable injury and has suffered substantial

damages as a result of the Defendants' counterfeiting and infringing activities.

25. The injuries and damages sustained by Chanel have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Infringing Goods.

26. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - FEDERAL TRADEMARK COUNTERFEITING PURSUANT TO § 32 OF THE LANHAM ACT

27. The Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 26 above.

28. This is an action for trademark counterfeiting against the Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale of cell phone cases bearing the Chanel Marks.

29. Specifically, the Defendants are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing counterfeit and/or infringing cell phone cases and other goods bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit and/or infringing cell phone cases and other goods.

30. Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Infringing Goods bearing the Chanel Marks.

31. The Defendants' unlawful actions have caused and are continuing to cause damages to the Plaintiff.

32. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

1  33. The Plaintiff has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not permanently enjoined.

## COUNT II - TRADEMARK INFRINGEMENT
## PURSUANT TO § 32 OF THE LANHAM ACT

34. Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 33 above.

35. This is an action for trademark infringement against the Defendants based on their importation or manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing imitations of the Chanel Marks.

36. Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing similar counterfeit and infringing products bearing the Chanel Marks. The Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit and infringing branded goods.

37. The Defendants' counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of the Defendants' Infringing Goods bearing the Chanel Marks.

38. The Defendants' unlawful actions have caused, and are continuing to cause, damages to Plaintiff.

39. The Defendants' above-described illegal actions constitute infringement of the Chanel Marks in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

40. Plaintiff has suffered, and will continue to suffer, irreparable injury due to the above described activities of the Defendants if the Defendants are not permanently enjoined.

## COUNT III - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(A) OF THE LANHAM ACT

41. The Plaintiff hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 40 above.

42. The Defendants' Infringing Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

43. The Defendants' Infringing Goods bearing the Chanel Marks are virtually identical in appearance to the Plaintiff's genuine goods. However, the Infringing Goods are different and likely inferior in quality. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Infringing Goods.

44. The Defendants have used in connection with their sale of Infringing Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of the Plaintiff.

45. Specifically, the Defendants have authorized an infringing use of the Chanel Marks, in the Defendants' advertisement and promotion of their counterfeit and infringing cell phone cases and other goods. The Defendants, upon information and belief, have misrepresented to members of the consuming public that the Infringing Goods being advertised and sold by them are genuine, non-infringing products.

46. The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

47. The Plaintiff has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, the Plaintiff will

COMPLAINT FOR DAMAGES AND INJUNCTION RELIEF

continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT IV - TRADEMARK DILUTION

48. Plaintiff adopts and re-alleges the allegations set forth in Paragraphs 1 through 47 above.

49. The Chanel Marks are famous trademarks within the meaning of 15 U.S.C. §1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public. Further, the Plaintiff actively polices the use of its marks by third parties.

50. The Defendants are engaged in a commercial use of the Chanel Marks in commerce.

51. The Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Plaintiff's products by, at least, creating an unfair comparison between Plaintiff's genuine goods and the Defendants' Infringing Goods.

52. The Defendants' actions described herein have been engaged in intentionally or with a reckless disregard for or willful blindness to the Plaintiff's rights for the purpose of trading on the Plaintiff's reputation and diluting the Chanel Marks.

53. As a result of the above described diluting and disparaging activities of the Defendants, the Plaintiff has suffered, and will continue to suffer, irreparable injury and substantial damages, and the Defendants have been unjustly enriched.

///

///

///

## COUNT V - STATE AND COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION PURSUANT TO CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 14330, 14335, 14340 AND 17200

54. Chanel hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 53 above.

55. This is an action pursuant to California's Common Law of Unfair Competition pursuant to California Business & Professions Code §§ 14330, 14335, 14340 and 17200 et seq.

56. Specifically, the Defendants are selling, offering for sale and distributing cell phone cases bearing infringements and counterfeits of the Chanel Marks. In addition the Defendants wrongfully use common law mark N° 5 in connection with the sale of goods, including key chains.

57. Defendants' activities are likely to cause and actually are causing confusion, mistake and deception among the consuming public as to the origin and quality of Defendants' product by their use of the Chanel Marks.

58. Chanel is suffering irreparable harm as a result of the Defendants' actions and has no adequate remedy at law.

## PRAYER FOR RELIEF

59. WHEREFORE, the Plaintiff demands judgment, jointly and severally, against the Defendants as follows:

a. Entry of a permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Infringing Goods; from infringing, counterfeiting, or diluting the Chanel Marks; from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade

1 dress which may be calculated to falsely advertise the services or products of the
2 Defendants as being sponsored by, authorized by, endorsed by, or in any way
3 associated with the Plaintiff; from falsely representing themselves as being
4 connected with the Plaintiff, through sponsorship or association, or engaging in any
5 act which is likely to falsely cause members of the trade and/or of the purchasing
6 public to believe any goods or services of the Defendants, or in any way endorsed
7 by, approved by, and/or associated with the Plaintiff; from using any reproduction,
8 counterfeit, infringement, copy, or colorable imitation of the Chanel Marks in
9 connection with the publicity, promotion, sale, or advertising of any goods sold by
10 the Defendants, including, without limitation, phone cases, and other goods; from
11 affixing, applying, annexing or using in connection with the sale of any goods, a
12 false description or representation, including words or other symbols tending to
13 falsely describe or represent Defendants' goods as being those of the Plaintiff, or in
14 any way endorsed by the Plaintiff and from offering such goods in commerce; and
15 from otherwise unfairly competing with the Plaintiff.

16     b.    Entry of an Order requiring Defendants to account to and pay Chanel
17 for all profits and damages resulting from Defendants' trademark infringing and
18 counterfeiting activities and that the award to Chanel be trebled, as provided for
19 under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel
20 be awarded statutory damages from each Defendant in the amount of two million
21 dollars ($2,000,000.00) per counterfeit Chanel Mark used and product offered for
22 sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

23     c.    Entry of an Order awarding Chanel profits and damages, trebled
24 pursuant to 15 U.S.C. § 1117(a), arising out of Defendants' dilution of the Chanel
25 Marks.

26     d.    Entry of an Order awarding Chanel the Defendants' profits and
27 damages arising out of Defendants' willful and intentional infringing practices
28 pursuant to California Business & Professions Code §§ 14330, 14335, 14340 and

1. 17200 et seq.

  e. Entry of an Order awarding Plaintiff pre-judgment interest on its judgment.

  f. Entry of an Order awarding Plaintiff its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

  g. Entry of an Order awarding Plaintiff such other and further relief as the Court may deem just and proper.

         **VEATCH CARLSON, LLP**

DATED: April 20, 2016   BY: *Kevin R. Lussier*
           **KEVIN R. LUSSIER**
           **KIM D. ASHLEY**
           Attorneys for Plaintiff, **CHANEL, INC.**

I:\WP\81287002\PLD-Complaint.doc