1    S. Michael Kernan, Esq. State Bar No. 181747
     mkernan@kernanlaw.net
2    R. Paul Katrinak, State Bar No. 164057
     pkatrinak@kernanlaw.net
3    THE KERNAN LAW FIRM
4    9663 Santa Monica Blvd. Suite 450
     Los Angeles, CA 90210
5    310-490-9777
6    mkernan@kernanlaw.net

7    Eric J. Menhart (*pending admission Pro Hac Vice*)
     Lexero Law
8    316 F St. NE, Suite 101
     Washington, DC 20002
9    Office: (855) 453-9376
10   Fax: (855) 453-9376
     Eric.Menhart@Lexero.com

11

12   Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>FARIHA ALHASSEN ET AL.<br><br>        Defendants. | Case No. 5:16-cv-00747-ODW-KK<br><br>**OBJECTION TO PLAINTIFF'S EVIDENCE IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br><u>Filed and Served Concurrently</u>:<br><br>  1. Declaration of Ahmad J. Lababidi<br><br>Judge:      Hon. Otis D.Wright, II<br><br>Courtroom:  11<br><br>Complaint Filed: April 20, 2016 |

# OBJECTIONS TO EVIDENCE IN SUPPORT OF
# MOTION FOR DEFAULT JUDGMENT

## I. INTRODUCTION

Defendants have been negotiating a settlement in good faith with Plaintiff, but as is now readily apparent, Plaintiff was not negotiating in good faith with Defendants. Until only a few days ago, Defendants believed a settlement was in place, only to have Plaintiff fail to consummate the settlement. It is apparent now that Plaintiff is seeking a Judgment and had no intent on negotiating in good faith.

This matter was a set-up. Plaintiff's counsel strung along Defendant and Defendant's counsel so they would not oppose or set-aside the default, constantly claiming that they would settle the case. Then, at the last minute, they filed a motion for judgment. This has been held, as noted, to be grounds to set aside a default. And, a party has a year to set-aside a default, and that time frame has not passed.

1. There is no evidence of any damages beyond the limited claims of what was actually purchased.

2. There is no evidence of bad faith or any claim of damages other than negligent selling of products created by someone else.

3. Defendants did not create the products. They negligently sold what turned out to be counterfeit products that were wholly created by someone else.

4. As noted in the Ex Parte Application to Set Aside The Default, the Ninth Circuit favors rulings on the merits and the merits will show that the damages to which Plaintiff is entitled to in this case would not break the limits of small claims or limited jurisdiction court in state court.

5. This is a case where a Plaintiff who is rightfully frustrated by things happening globally to its products is acting like a bully to two students who made a mistake. Instead of prosecuting the company that is making the counterfeit goods, Plaintiff has attempted to ruin the lives of two students who, albeit mistakenly, sold products in good faith which turned out to be counterfeit.

6. Mistake is a defense. Where a party believes they are reselling "parallel market" goods (goods that were actual Chanel goods that were sold for a lower price in a foreign country), juries have held there is no liability at all.

7. There is absolutely nothing in the MOTION FOR JUDGMENT which would establish the mens rea required to establish the damages sought.

8. Plaintiff is aware that this was a simple mistake that a jury will likely find was a good faith sale of what was believed to be parallel market goods, which is not actionable.

**OBJECTIONS TO DECLARATIONS:**

**1. Objections to the Declaration of Lynnette Oka**

The vast majority of Ms. Oka's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

**2. Objections to the Declaration of Kevin Lussier**

The vast majority of Mr. Lussier's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

/ / /

### 3. Objections to the Declaration of Miriam Buckner

The vast majority of Ms. Buckner's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. There is no foundation for identifying who Ms. Buckner is speaking with. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

### 4. Objections to the Declaration of Stephen Gaffigan

The vast majority of Ms. Gaffigan's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. There is no foundation for the exhibits attached to Mr. Gaffigan's declaration. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

### 5. Objections to the Declaration of Joseph Musgrove

The vast majority of Mr. Musgrove's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. There is no foundation

for who Mr. Musgrove was e-mailing with. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

### 6. Objections to the Declaration of Brittni Popp

The vast majority of Ms. Popp's declaration provides irrelevant information, is comprised of hearsay and lacks foundation. There is no foundation for identifying who Ms. Popp is speaking with. Additionally, the declaration is objectionable because it provides no evidence of willful and intentional conduct. No evidence is submitted in this declaration warranting the imposition of any damages. There is nothing to show this was anything more than Defendants purchasing legitimate parallel market goods and reselling those goods here, which is legal.

DATED October 13, 2016

/s/ S. Michael Kernan
S. Michael Kernan, Esq.
THE KERNAN LAW FIRM

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Pending Admission Pro Hac Vice*

Attorneys for Defendants