**VEATCH CARLSON, LLP**   (SPACE BELOW FOR FILING STAMP ONLY)
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS
1055 WILSHIRE BOULEVARD, 11TH FLOOR
LOS ANGELES, CALIFORNIA 90017-2444
TELEPHONE (213) 381-2861
FACSIMILE (213) 383-6370

**KEVIN R. LUSSIER (SBN 143821)**
**KIM D. ASHLEY (SBN 253160)**
klussier@veatchfirm.com
kashley@veatchfirm.com

Attorneys for Plaintiff,
**CHANEL, INC.**

**THE KERNAN LAW FIRM**
9663 Santa Monica Blvd., Suite 450
Los Angeles, California 90210
Telephone: (310) 490-9777

**S. MICHAEL KERNAN (SBN 181747)**      JS-6
**R. PAUL KATRINAK (SBN 164057)**
mkernan@kernanlaw.net
pkatrinak@kernanlaw.net

Attorneys for Defendants
**FARIHA ALHASSEN AND AHMAD J. LABABIDI**

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., | **Case No.: 5:16-cv-00747-ODW-RK** |
| Plaintiff, | |
| vs. | **PERMANENT INJUNCTION** |
| FARIHA ALHASSEN, AN INDIVIDUAL, AND AHMAD J. LABABIDI A/K/A JAMIL LABABIDI A/K/A AJ LABABIDI A/K/A TOMMY, AN INDIVIDUAL, INDIVIDUALLY | |

1
**PERMANENT INJUNCTION**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | AND JOINTLY, D/B/A HERTEENDREAM.COM D/B/A OFFICIALGOLDILUXE.COM D/B/A @HERTEENDREAM D/B/A #HERTEENDREAM D/B/A @FARIHAAL D/B/A OFFICIALHERTEENDREAM D/B/A FARIHAALH D/B/A HER TEEN DREAM D/B/A GOLDILUXE D/B/A OFFICIALGOLDILUXE D/B/A #OFFICIALGOLDILUXE, and DOES 1-10, inclusive,<br><br>                          Defendants. |

The Court, having reviewed the Stipulation for Order of Permanent Injunction of Plaintiff, Chanel, Inc. ("Plaintiff" or Chanel"), and Defendants, Fariha Alhassen, an individual, and Ahmad J. Lababidi a/k/a Jamil Lababidi a/k/a AJ Lababidi a/k/a Tommy, an individual, individually and jointly, d/b/a herteendream.com d/b/a officialgoldiluxe.com d/b/a @herteendream d/b/a #herteendream d/b/a @farihaal d/b/a officialherteendream d/b/a farihaalh d/b/a her teen dream d/b/a goldiluxe d/b/a officialgoldiluxe d/b/a #officialgoldiluxe (collectively, "Defendants"), and good cause appearing, ORDERS as follows:

WHEREAS, Chanel owns the registered trademarks under the marks CHANEL and ⚭ as identified in Paragraph 7 of Chanel's Complaint and identified below: Chanel is the owner of the following trademarks (collectively, the "Chanel Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| ⚭ | 4,074,269 | December 20, 2011 | IC 9 - Protective covers for portable electronic devices, handheld digital devices, personal |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
|  |  |  | computers and cell phones<br>IC 16 - Temporary tattoos<br>IC 18 - Key cases |
| CHANEL | 3,890,159 | December 14, 2010 | IC 09 - Cases for Telephones<br>IC 16- Temporary Tattoos<br>IC 18 - Key Cases |

WHEREAS based upon Chanel's good faith prior use of the Chanel Marks, Chanel has superior and exclusive rights in and to the Chanel Marks in the United States and any confusingly similar name or mark;

Accordingly, IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that the following injunction shall issue:

1. The Defendants and their officers, agents, servants, employees and attorneys, and all persons in active concert and participation with them, via (i) any domain name and/or website, including but, not limited to, herteendream.com and officialgoldiluxe.com, (ii) Youtube.com, (iii) Facebook.com, (iv) Instagram.com, (v) Twitter.com, (vi) Pinterest.com, and/or (vii) any other online marketplace, website, and/or social media site not specifically identified herein, are hereby permanently restrained and enjoined from intentionally and/or knowingly:

A. manufacturing or causing to be manufactured, importing,

3
**PERMANENT INJUNCTION**

|   |   |   |
|---|---|---|
| 1 |  | advertising, or promoting, distributing, selling or offering to sell |
| 2 |  | counterfeit and infringing goods bearing the Chanel Marks |
| 3 |  | and/or using the images of products bearing the Chanel Marks; |
| 4 | B. | using the Chanel Marks in connection with the sale of any |
| 5 |  | unauthorized goods; |
| 6 | C. | using any logo, and/or layout which may be calculated to falsely |
| 7 |  | advertise the services or products of the Defendants as being |
| 8 |  | sponsored by, authorized by, endorsed by, or in any way |
| 9 |  | associated with the Plaintiff; |
| 10 | D. | falsely representing the Defendants as being connected with the |
| 11 |  | Plaintiff, through sponsorship or association, |
| 12 | E. | engaging in any act which is likely to falsely cause members of |
| 13 |  | the trade and/or of the purchasing public to believe any goods or |
| 14 |  | services of the Defendants are in any way endorsed by, approved |
| 15 |  | by, and/or associated with the Plaintiff; |
| 16 | F. | using any reproduction, counterfeit, infringement, copy, or |
| 17 |  | colorable imitation of the Chanel Marks in connection with the |
| 18 |  | publicity, promotion, sale, or advertising of any goods sold by |
| 19 |  | the Defendants, including, without limitation, cell phone cases; |
| 20 | G. | affixing, applying, annexing or using in connection with the sale |
| 21 |  | of any goods, a false description or representation, including |
| 22 |  | words or other symbols tending to falsely describe or represent |
| 23 |  | Defendants' goods as being those of Plaintiff, or in any way |
| 24 |  | endorsed by Plaintiff; |
| 25 | H. | offering such goods in commerce; and from otherwise unfairly |
| 26 |  | competing with the Plaintiff; |
| 27 | I. | secreting, destroying, altering, removing, or otherwise dealing |
| 28 |  | with the unauthorized products or any books or records which |

contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2. All products bearing the Chanel Marks at issue currently in the possession, custody and/or control of the Defendants shall be destroyed at the direction of Chanel.

3. Upon entry of this permanent injunction the remainder of the action shall be deemed dismissed without prejudice.

IT IS SO ORDERED.

Dated:_ November 8, 2016  _____
OTIS D WRIGHT II
United States District Judge